### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **MARVIN BISHOP MARTIN, SR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **7:10-cv-00574-JEO** |
| **WARDEN JERRY FERRELL and** ) | |
| **WARDEN CYNTHIA WHITE,** ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in the custody of the State of Alabama at the Fountain Correctional Center in Atmore, Alabama. He is challenging his conviction in the Circuit Court of Sumter County for unlawfully manufacturing methamphetamine. *See* 28 U.S.C. § 2254. The petitioner, Marvin Bishop Martin, Sr., filed the current habeas corpus petition on March 18, 2010. (Doc. 1). The respondents answered the petition by asserting that Martin's claims are barred from judicial review because he has not exhausted his State court remedies. (Doc. 26). Indeed, at the time Martin filed the instant petition for a writ of habeas corpus, he had two post-conviction petitions for relief pursuant to ALABAMA RULE OF CRIMINAL PROCEDURE 32 pending in the Circuit Court of Sumter County. (Doc. 33).

On September 1, 2011, the court required the respondents to inform it as to the status of the pending Rule 32 petitions. (Doc. 32). They responded that the Clerk of the Court for Sumter County and Circuit Judge Eddie Hardaway's office were contacted regarding the status of the petitions. (Doc. 35). It was determined that both petitions were still pending. (*Id*.) Evidently,

the failure to examine and rule on the petitions was an oversight. The response indicates that Judge Hardaway "mistakenly thought that the had ... ruled on Martin's two Rule 32 petitions." (*Id*. at ¶ 4). The petitions were "pulled for a final [r]uling." (*Id*. at ¶ 5).

This court next afforded the petitioner an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. (Doc. 34). Martin responded that this court should not dismiss the petition "[b]ecause the state will not rule on [his] Rule 32." (Doc. 35).

In view of the Martin's pending, active Rule 32 petitions in the Circuit Court of Sumter County, his ability to seek appellate review of an adverse ruling in the Alabama Court of Criminal Appeals, and his ability to thereafter seek certiorari review in the Alabama Supreme Court, this court finds that Martin has not exhausted all remedies available in the courts of the State. The law is well established that an application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). Additionally, as noted in a previous order of this court (doc. 34 at 2), there are no statute of limitations issues due to the fact that the statute is tolled during the pendency of the Rule 32 proceedings, including timely appeals.

Accordingly, the court finds that the petition for a writ of habeas corpus is due to be **DISMISSED** without prejudice. An appropriate order will be entered.

**DONE** this the 23rd day of September, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE